IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ROLANDIS LARENZO CHATMON,**                                          **PETITIONER**
**ADC #140078**

V.                               CASE NO. 4:19-CV-508-BRW-BD

**LESLIE RUTLEDGE, Attorney General**
**State of Arkansas,** *et al.*                                        **RESPONDENTS**

## RECOMMENDED DISPOSITION

### I.  Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Mr. Chatmon may file written objections with the Clerk of Court within 14 days after the date of this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

If he does not file objections to the Recommendation, Mr. Chatmon may waive the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

### II.  Jurisdiction

Petitioner Rolandis Chatmon, an inmate in the Arkansas Department of Correction, was convicted by a Faulkner County, Arkansas jury of three counts of aggravated robbery and one count of theft of property by threat. (Docket entry #2 at 34-37) He was sentenced, as a habitual offender with a firearm enhancement, to three life sentences, plus 360 months' imprisonment, to be served consecutively. (*Id.*) His

conviction and sentences were affirmed on direct appeal to the Arkansas Supreme Court. *Chatmon v. State*, 2015 Ark. 28, at 1.

On May 2, 2016, Mr. Chatmon filed his first federal petition for a writ of habeas corpus under 28 U.S.C. §2254. *Chatmon v. Kelley*, 5:16-CV-133-KGB-JTR (E.D. Ark.). Judge Kristine Baker adopted Judge J. Thomas Ray's recommendation that the petition be denied on August 1, 2018. *Id*. at #113, #124, #125. Judge Baker and the Eighth Circuit Court of Appeals both denied Mr. Chatmon a certificate of appealability. *Id*.; *Chatmon v. Kelley*, No. 19-1332 (8th Cir. June 26, 2019).

Mr. Chatmon has now filed a second petition for habeas corpus relief. (#2) Although he titled his pleading Petition for Declaratory Judgment, the Clerk of Court properly filed it as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, because Mr. Chatmon challenges the validity of his sentences in the petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a habeas corpus action is the sole federal remedy for a prisoner to attack the validity of his conviction or confinement).

This Court lacks jurisdiction to consider the merits of this petition because Mr. Chatmon has already challenged his conviction through an earlier federal habeas petition. His current habeas petition must be dismissed, because he did not obtain permission from the Eighth Circuit to pursue a successive petition. Before Mr. Chatmon is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this Court to consider a successive petition. 28 U.S.C. § 2244(b)(3)(A). Without such an order from the court of appeals, the district

court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading from the respondent – is appropriate where, as here, the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases. The pending petition is clearly successive.

### III. Conclusion

The Court recommends that Judge Wilson DENY and DISMISS, without prejudice, Rolandis Chatmon's petition for writ of habeas corpus (#2) for lack of jurisdiction, and that he DENY Mr. Chatmon's pending motion to proceed *in forma pauperis* (#1) as moot. Furthermore, Judge Wilson should deny a certificate of appealability.

DATED this 23rd day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).